JOSEPH RANDO, Respondent, *v.* ROYAL MAIL STEAM PACKET COMPANY, Defendant, Impleaded with JOSEPH CARUBA, Appellant.

First Department, April 4, 1924.

Pleadings — bill of particulars — motion to open default in service of bill of particulars denied where plaintiff's excuse is oversight and he was given ample opportunity to obey order.

A motion by the plaintiff to open his default in the service of a bill of particulars should be denied, where it appears that upon his failure to serve the bill his adversary's attorney gave him additional time, that subsequently an order of preclusion was withdrawn to give plaintiff another chance to obey the order, and that his excuse is oversight.

APPEAL by the defendant, Joseph Caruba, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of March, 1924, granting the plaintiff's motion to open his default in the service of a bill of particulars.

*E. C. Sherwood [H. H. Brown* of counsel], for the appellant.

*G. Everett Hunt,* for the respondent.

McAVOY, J.:

The plaintiff was ordered to file a bill of particulars. He did not comply with the direction although his adversary's attorney notified plaintiff's attorney by letter of his default and gave him extra time to send the bill. An order of preclusion was subsequently applied for, but the motion therefor was withdrawn to give plaintiff another chance to obey the order to serve the required paper. Nothing was thereafter done by plaintiff toward compliance and a subsequent motion to preclude was made and granted, and two years afterwards the default was opened and the bill permitted to be served on payment of ten dollars costs.

Plaintiff's excuse is oversight. The matter, he asserts, was intrusted to a clerk not now in his attorney's employ who neglected to prepare and serve the bill. The excuse is flimsy and puts the

order at naught and makes the court's direction one to be obeyed when and if a party sees fit.

The defendant's courteous request and extension of time and his withdrawal of one motion to give time for compliance indicate imperatively that there was no excuse for the dilatory conduct of plaintiff and the motion to vacate the precluding order ought to have been denied.

Were this practice to be countenanced every suit which may be deemed abandoned for failure to comply with an order for a bill of particulars where an order of preclusion has been granted may be revived years afterward to the detriment of any defense which may have been originally available.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, SMITH, MERRELL and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.