MASTER MODES, INC., Plaintiff, *v.* MOLLIE POST, etc., Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, June 27, 1931.

*Lionel Golub,* for the motion.

*Peter J. Haberkorn,* opposed.

WATSON, J. On Wednesday, June 10, 1931, defendant moved for leave to serve an amended answer to plead a counterclaim for $175. The original answer was served on May 12, 1931. At the time such application was made it appeared that the case would, in all probability, be reached for trial on the non-jury calendar on Friday, June twelfth, or Monday, June fifteenth.

Although the counterclaim interposed in the proposed amended answer annexed to the moving papers was insufficient in law, the court, in order to afford defendant an opportunity to assert any claim which she might be able to prove against the plaintiff, granted

her motion, with five dollars costs, and directed, with the consent of defendant's attorney in open court, that a bill of particulars of the alleged counterclaim be served upon plaintiff's attorney at or before four P. M. on Thursday, June eleventh, in order that the trial would not be delayed by such amendment.

It was charged by plaintiff's attorney, on the argument of the motion, that the application made on the eve of the trial was intended to accomplish a delay in the trial of the action, which implication was resented and strenuously denied by defendant's counsel, who also stated his readiness to go to trial when the case appeared on the non-jury calendar.

The day after the granting of the motion, defendant paid a jury fee by reason of the filing of her amended answer, and had the papers in the case transferred to the Central Jury Court.

The case appeared on the non-jury calendar for trial on June fifteenth, and no one appearing on behalf of the defendant, the case was marked for inquest, at which time it was discovered that the case had been transferred to the Central Jury Court.

Plaintiff thereafter moved for a reargument of the motion, claiming that defendant's motion to amend was not made in good faith, and was intended to delay the trial of the action, in view of what had transpired since the granting of the motion. The court thereupon entered the following order, on June nineteenth: " Motion for reargument of defendant's motion for an order granting leave to serve an amended answer is granted, with ten dollars costs, and upon such reargument, the original motion for leave to serve an amended answer is denied, with ten dollars costs. The action is restored to the non-jury calendar of this court for trial on June 26, 1931, peremptorily against the defendant."

On June twenty-fifth, with knowledge that the case was restored to the non-jury calendar for trial on June twenty-sixth, pursuant to the aforesaid order, defendant procured an order to show cause signed by Mr. Justice CHILVERS of this court, returnable on June twenty-ninth, for an order reinstating the order of this court made on June tenth which permitted defendant to serve an amended answer, or in the alternative for leave to appeal to the Appellate Term from the order of June nineteenth upon the motion for reargument.

Plaintiff, upon service of that order to show cause, obtained, on June twenty-fifth, an order to show cause, returnable June twenty-sixth, why the motion upon the order to show cause made by Mr. Justice CHILVERS should not be argued forthwith, and why the stay of the trial granted therein should not be vacated

and the case proceed to trial forthwith pursuant to the order of this court dated June nineteenth.

Upon the argument of the instant motion defendant consented that the motion upon Mr. Justice CHILVERS' order to show cause be argued herewith.

I am constrained to the opinion, in the light of what has developed since the granting of the motion to amend defendant's pleading, that that application was made for the purpose of delaying the trial of the action. If defendant's counsel had not impressed the court upon the argument of that motion that such was not his purpose, the order granting leave to serve an amended answer would have contained a provision to the effect that no jury be demanded, in order that substantial justice may be promoted between the parties.

Subdivision 2 of section 93 of the Municipal Court Code provides that "At any stage of the cause the court must allow amendment of any summons, process, mandate, pleading, order or judgment, including a petition, precept, answer and final order in a summary proceeding, *if substantial justice will be promoted thereby; and as a condition thereof may impose such terms as may be just.*"

And section 244 of the Civil Practice Act, which should be read in conjunction with the section above cited, provides, in part: "But if it is made to appear to the court that the pleading was amended for the purpose of delay and that the adverse party will thereby lose the benefit of a term for which the cause is or may be noticed, the amended pleading may be stricken out, or the pleading may be restored to its original form, and such terms imposed as the court deems just."

The plaintiff's rights, under the circumstances disclosed, would be prejudiced by a delay of the trial of this action.

Defendant's motion, upon the order to show cause of Mr. Justice CHILVERS, is, in all respects, denied, and plaintiff's motion for an order directing the trial of this action forthwith, pursuant to the order of this court dated June 19, 1931, is granted. Case set for trial June 30, 1931.