MORRIS HECHT, Plaintiff, *v.* M & S ELECTRIC CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, February 13, 1934.

*Irving Levine,* for the plaintiff.
*Reuben Honigman,* for the defendant.

WATSON, J. Plaintiff has applied for an order directing the defendant to accept service of his bill of particulars served on February 1, 1934, pursuant to an order of preclusion granted on August 4, 1933, which directed that a bill of particulars of the items therein set forth be served within twenty days from its date. The case was called for trial on February 2, 1934. Defendant questioned plaintiff's right to proceed to trial in view of the order of preclusion by the terms of which plaintiff is precluded from offering evidence in support of his cause of action on default in service of said bill. The trial was then adjourned to enable plaintiff to make this application.

On August 7, 1933, plaintiff served a notice to amend the seven causes of action pleaded in his complaint. It is asserted by plaintiff that the notice to amend effected an amendment of his pleading, and that the service of the bill upon defendant on February 1, 1934, was timely, because the order of preclusion based on the original pleadings, lost its effectiveness by reason of such amendment. He says further that the rejection of his bill by defendant was unwarranted since it contained not only the particulars required to be furnished but also particulars concerning the alleged amended causes of action. The notice to amend did not disturb the force and effect of the preclusion order.

Amendment of pleadings in actions brought in this court is controlled by subdivision 2 of section 93 of the Municipal Court Code. A notice to amend is not an amendment of the pleading. It means merely that at the trial of the action an application will be made to the court to allow such amendment. It may or may not be allowed. Although the section referred to makes it mandatory on the court to allow such amendment where substantial justice will thereby be promoted, yet, if it is shown that the amendment is sought to accomplish delay or that it tends to defeat the ends of justice or prejudice the rights of the other party, such amendment may be denied. (*Master Modes, Inc.*, v. *Post*, 141 Misc. 351.)

It was plaintiff's duty to serve a bill of particulars within three days after demand therefor was made. He failed or neglected to comply with such demand necessitating the making of a motion to preclude. The order of preclusion gave plaintiff more than a reasonable time within which to furnish particulars of the items therein enumerated. That order was ignored as was the defendant's demand. With the trial date rapidly approaching, defendant repeatedly requested plaintiff to furnish the bill in obedience to the order of this court, but to no avail. Attempted compliance with that order approximately six months from the date thereof

and on the day preceding the trial, comes with ill grace and is a clear manifestation of the utter disregard of the order of the court.

The tendency grows steadily to ignore demands for bills of particulars and to pay scant attention to preclusion orders wherein additional time to furnish the particulars sought is granted. Orderly procedure requires the observance of these preliminary steps in the trial of actions. They were ordained to facilitate the prompt disposition of cases and to promote the ends of justice. Dilatory tactics designed to frustrate these salutary provisions of our practice and procedure, which are so beneficial to diligent litigants, should not be encouraged.

Plaintiff has been guilty of gross laches and inexcusable disregard of the order of preclusion permitting service of the bill of particulars after his default in serving the same pursuant to defendant's demand therefor. He has shown no extenuating circumstances on this application entitling him to the further favor of the court. (*Rando* v. *Royal Mail Steam Packet Co.*, 208 App. Div. 634; *Mead* v. *Consolidated Metal Spinning & Stamping Co., Inc.*, Id. 814.)

The motion is, therefore, denied.